FILED

MAY 19 2014

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> ROBERT TIMOTHY SWANK, SR., <br><br> Defendant/Movant. | Cause No. CR 10-86-BLG-SPW <br><br><br> ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On September 23, 2013, Defendant/Movant Robert Timothy Swank, Sr., moved the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Swank is a federal prisoner proceeding pro se.

Most of Swank's claims have been denied on the merits. As to a remaining claim, the Court has attempted to obtain a statement from Swank to determine whether he wanted to have counsel appointed to represent him. Despite three opportunities, Swank failed to respond as directed. This Order dismisses the remaining claim and addresses a certificate of appealability as to both the dismissed claim and the claims denied on the merits.

## I. Fed. R. Civ. P. 41(b)

### A. Proceedings to Date on the Remaining Claim

On February 4, 2014, the Court entered an Order denying most of Swank's

1

claims. Order (Doc. 82) at 5-8. It also explained why it did not understand his claims relating to his decision to plead guilty. Swank was given an opportunity to respond. *Id.* at 8-10.

A response (Doc. 83) was received on March 3, 2014. Although the omission was not noticed at the time, the response was not signed. Based on the response, the Court entered an Order asking Swank whether he wished to have new counsel appointed to represent him. Order (Doc. 84).

Swank did not respond to the offer of counsel. Because that is highly unusual, a second order was issued. Order (Doc. 85). The Court received a response to its second order, but the response twice misspelled Swank's name and was unsigned. Because the response was defective, the Court issued a third order. The Third Order said, "Swank <u>personally</u> must respond to this Order and must sign his response." Third Order (Doc. 87) at 2 (emphasis in original).[1]

The Court has now received two responses to the Third Order. The first is signed. The signature bears no resemblance to the signatures on the § 2255 motion

---

[1] The change of plea colloquy and the presentence report indicate that Swank is literate and has no cognitive or intellectual impairment; has no history of physical trauma that might give rise to an organic deterioration of mental skills; has no history of alcoholism or other substance abuse; and has no history and no reasonably predictable prospect of mental or physical illness of a nature that might compromise his cognitive function. Change of Plea Tr. (Doc. 73) at 3:13-4:13; *see also, e.g., id.* at 6:20-7:3, 17:7-18:25, 20:2-20 (responding appropriately to questions with and without assistance from counsel); Presentence Report ¶¶ 42-50. In sum, the Court has never had reason to believe Swank is not capable of reading and understanding an order to respond and to sign his response.

2

and brief in support. *Compare* Mot. § 2255 (Doc. 78) at 16; Br. in Supp. (Doc. 79) at 12), *with* [First] Resp. to Third Order (Doc. 88) at 1. Further, the return address on the envelope is not FCI Englewood, where Swank is incarcerated, but a Michigan street address. Printed on the envelope, and scribbled out, is the name and address of a paralegal services firm in Royal Oak, Michigan. *See* Envelope (Doc. 88-1).

The second response, received two days after the first, is identical in text to the first. It was received from FCI Englewood, which suggests it more likely came from Swank. But it is not signed. Second Resp. to Third Order (Doc. 89) at 1; Envelope (Doc. 89-1).

The entire matter is further complicated by the fact that, in the sole claim still at issue, Swank alleges that counsel instructed him to lie at his change of plea hearing, and Swank took his advice. In sum, Swank has told the Court he committed perjury. The Court has already advised Swank that he is responsible for the consequences of his own decision to lie under oath. Order (Doc. 84) at 2. But, at the same time, if counsel told Swank that he should plead guilty because none of his constitutional trial rights would be protected, as Swank also alleges, then Swank may be entitled to relief. *Id.* That is why he was given the opportunity to respond and was offered counsel. But Swank has failed to respond to that offer as

directed. As stated in the Third Order, therefore, the claim is subject to dismissal for failure to comply with a court order.

**B. Application of Rule 41(b)**

The Federal Rules of Civil Procedure apply in a habeas action to the extent they are not inconsistent with the Rules Governing § 2254 Cases in the United States District Courts or other applicable law. *See* Rule 12, § 2255 Rules; *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005); *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action for failure "to comply with . . . a court order." The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### 1. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). This factor weighs in favor of dismissal.

### 2. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). In this case in particular, Swank has pointlessly wasted the Court's time by apparently expressing a wish to proceed yet persistently failing to sign his response. Under the circumstances here, this factor weighs heavily in favor of dismissal.

### 3. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).[2] Were he to proceed on the remaining claim, Swank would have the burden of proving that the Chief

---

[2] In a § 2255 proceeding, the roles of plaintiff and defendant are reversed and renamed. Swank, the defendant in the criminal action, is the movant or plaintiff in the § 2255 proceeding. The United States, plaintiff in the criminal action, is the respondent or defendant in the § 2255 proceeding.

5

Federal Defender for the District of Montana told Swank his constitutional right to a fair trial could not be protected. Because there is no evident impairment to the United States' ability to contest this claim, this factor weighs against dismissal. Because the claim is highly improbable, the weight of the factor is slight.

### 4. Alternatives

There is no realistic alternative to dismissal. Swank brought the claim and has the burden of going forward on it. This factor weighs in favor of dismissal.

### 5. Disposition on the Merits

Finally, public policy favors the disposition of cases on their merits. *See Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor always weighs against dismissal. Here, however, that weight may actually amount to more than Swank wants to bear. Counsel obtained for him a plea agreement that removed the prospect of a 30-year mandatory minimum sentence. *Compare* Indictment (Doc. 8) at 1-2 (charging violation of 18 U.S.C. § 2241(c)), *with* Superseding Information (Doc. 48) at 1-2 (charging violation of 18 U.S.C. § 2244(a)(5)). If Swank were to succeed in showing that counsel induced him to enter into the plea agreement by telling him his constitutional rights would not be protected, then the 30-year mandatory minimum penalty would be reinstated. Although this factor weighs against

6

dismissal, its weight is very slight.

## 6. Conclusion

While the lack of prejudice to the United States and the policy in favor of disposition on the merits weigh against dismissal under Rule 41(b), the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, and the lack of meaningful alternatives weigh heavily and conclusively in favor of dismissal. Swank's allegation concerning his decision to plead guilty will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

## C. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court

7

was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Swank alleges that he pled guilty (lying under oath in the process) because his trial counsel told him his trial rights would not be protected. He makes a showing with the required slight degree of substance to it that he was deprived of a constitutional right. Reasonable jurists, however, could not possibly conclude that Swank has been given anything less than ample and generous opportunity to proceed with this claim. Having given Swank – three times – the opportunity to go forward, it is finally clear he is not interested in proceeding with the claim. Rather than saying so, he has wasted the Court's time and taken attention away from other matters by repeatedly failing to comply with the Court's orders. There is no reason to encourage further proceedings. A certificate of appealability is not warranted.

## II. Claims Decided on the Merits

Swank's other claims, which were denied for lack of merit on February 4, 2014, do not meet even the relatively low threshold for issuance of a certificate of appealability. Two of his claims alleged facts relating to images and computers, which were not involved in any way in his offense or sentence. His claim "that as a first-time offender my sentence is extremely harsh" failed to provide any legal basis for relief. *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), does

not apply to his case because he was not subjected to a statutory mandatory minimum sentence. Finally, it was impossible to find that counsel "abandoned" appellate review of the "array" of sentencing enhancements Swank received, because there was no evident legal and/or factual basis to challenge two of the enhancements, and, as to the third, counsel did challenge it. None of these claims made a showing with any substance to it that Swank was deprived of a constitutional right. A certificate of appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Swank's remaining claim alleging that he pled guilty based on counsel's advisement that his constitutional trial rights would not be protected is DISMISSED WITH PREJUDICE under Fed. R. Civ. P. 41(b) for failure to comply with a court order.

2. All other claims having been denied for lack of merit, Swank's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 78) is DENIED;

3. A certificate of appealability is DENIED as to all claims. The Clerk of Court shall immediately process the appeal if Swank files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-122-BLG-SPW are terminated and shall close the civil file by entering

judgment in favor of the United States and against Swank.

DATED this 19th day of May, 2014.

*Susan P. Watters*
Susan P. Watters
United States District Court