FILED

JAN 21 2016

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 10-86-BLG-SPW |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| ROBERT TIMOTHY SWANK, SR., | |
| Defendant/Movant. | |

This case is before the Court on Defendant/Movant Swank's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. On January 14, 2016, the United States filed a motion asking the Court to enter a protective order pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc).

The United States seeks an order "so that an affidavit may be sought from Swank's trial counsel regarding whether trial counsel rendered ineffective assistance by coercing appellant into accepting a plea and informing appellant that his constitutional rights would not be protected if he proceeded to trial." Mot. (Doc. 103) at 3-4. While the Court routinely enters a *Bittaker* order where a movant alleges ineffective assistance, the United States omits the Court's usual restriction requiring that all communication between trial counsel and the United States take place in the presence of § 2255 counsel. An order omitting that

1

restriction is not acceptable. The United States may respond adequately to Swank's allegations without obtaining an affidavit from trial counsel. *See, e.g.*, Fed. R. Civ. P. 8(b)(5).

Accordingly, IT IS HEREBY ORDERED as follows:

1. The United States' motion for a protective order (Doc. 103) is GRANTED IN PART.

2. Anthony Gallagher's and Mark Werner's duty of confidentiality to Swank is waived for the sole purpose of formal proceedings in this case. There will be no legal or ethical foundation for any disciplinary or tort complaint against Gallagher or Werner for breaching any duty of confidentiality, including attorney-client privilege or work-product protection, in these proceedings.

3. Neither party may communicate with Gallagher or Werner about any matter relevant to the § 2255 motion except in the presence of counsel for the opposing party.

4. All discovery obtained by the parties, including defense counsel's files and any depositions, is deemed confidential. Such material may be used only by Swank and the United States Attorney's Office and only for purposes of any formal proceedings incident to litigating the claims presented in Swank's § 2255 motion. Disclosure of the material or any information contained therein may not

be made to any other person or agency without an Order from this Court. Any materials filed with the Court, however, may be sealed only in compliance with D. Mont. L.R. CR 49.1 and Ninth Circuit law. *See, e.g., Center for Auto Safety v. Chrysler Group, LLC*, __ F.3d __, No. 15-55084, slip op. at 17-18 (9th Cir. Jan. 11, 2016), *available at* www.ca9.uscourts.gov/opinions (accessed Jan. 20, 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

5. This Order shall continue in effect after the conclusion of the § 2255 proceedings in this case and specifically shall apply in the event of a retrial of all or any portion of Swank's criminal case or any trial of any charge against Swank in any court.

DATED this 21st day of January, 2016.

Susan P. Watters
United States District Court