
FILED
DEC 1 2016
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. ROBERT TIMOTHY SWANK, SR., Defendant/Movant. | Cause No. CR 10-086-BLG-SPW<br>CV 13-122-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Robert Timothy Swank's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Swank is a federal prisoner represented by counsel Palmer Hoovestal.

## I. Background

On July 23, 2010, Swank was indicted on one count of aggravated sexual abuse, a violation of 18 U.S.C. § 2241(c). Jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153(a). Indictment (Doc. 8) at 1-2. If convicted, Swank faced a mandatory minimum penalty of 30 years in prison and a maximum penalty of life. 18 U.S.C. § 2241(c). The Federal Defenders of Montana were appointed to represent Swank. Order (Doc. 5).

The charge was based on a report that Swank was discovered by his wife sitting in his home with a seven-year-old girl on his lap. Her pants were pulled

1

down. The child told Swank's wife that Swank had touched her vagina and buttocks with his penis and that her bottom was wet. The girl repeated similar information in subsequent examinations and interviews. Crim. Compl. (Doc. 1) at 2-5 ¶¶ 4-10.

On August 16, 2010, the United States filed notice of its intent to use against Swank prior instances in which he molested several children. Notice (Doc. 13); Fed. R. Evid. 414(a); Interview Summaries (Doc. 30-1) (sealed). Swank moved to exclude that evidence. On November 24, 2010, United States District Judge Richard F. Cebull deferred ruling until trial. Order (Doc. 36). Trial was set for December 13, 2010. Scheduling Order (Doc. 17) at 1.

On the morning of trial, the parties reached an oral agreement for disposition of the case. Swank agreed to plead guilty to a superseding information alleging he committed the lesser offense of abusive sexual contact, a violation 18 U.S.C. § 2244(a)(5). Although the maximum penalty remained life in prison, conviction for abusive sexual contact carried no mandatory minimum sentence. 18 U.S.C. § 2244(a)(5), (c). Swank pled guilty in open court. Minutes (Doc. 52).

A sentencing hearing was held on March 17, 2011. While U.S.S.G. § 2A3.4(a)(3) set the base offense level at 12 for an offense under 18 U.S.C. § 2244, U.S.S.G. § 2A3.4(c) provided that § 2A3.1 should be used if the offense involved criminal sexual abuse or attempted criminal sexual abuse. Swank objected to use

of the cross-reference. Sentencing Mem. (Doc. 55) at 11-12. Judge Cebull viewed a DVD recording of an interview with the victim and found Swank's act involved criminal sexual abuse, overruled the objection, and applied the cross-reference. Sentencing Tr. (Doc. 71) at 9:9-11:22.[1] As a result, the base offense level was set at 30. U.S.S.G. § 2A3.1(a)(2).

A four-level enhancement applied because the victim was under the age of 12, U.S.S.G. § 2A3.1(b)(2)(A), and a two-level enhancement applied because the victim was in Swank's care at the time of the offense, § 2A3.1(b)(3). Swank objected to the two-level enhancement, Sentencing Mem. at 12-13, but his objection was overruled, Sentencing Tr. at 11:23-15:13. Swank received a two-level downward adjustment for acceptance of responsibility. His total offense level was 34. With no criminal history, his criminal history category was I. His advisory guideline range was 151 to 188 months. Judge Cebull sentenced Swank to serve 151 months in prison, to be followed by a ten-year term of supervised release. Minutes (Doc. 58); Judgment (Doc. 59) at 2-3.

Swank appealed the two-level enhancement under U.S.S.G. § 2A3.1(b)(3). On April 16, 2012, the Court of Appeals affirmed the sentence. *United States v. Swank*, 676 F.3d 919, 924 (9th Cir. 2012). Swank filed a petition for writ of

---

[1] This version of the transcript is sealed because it contains the victim's name. A publicly accessible version is available. *See* Redacted Sentencing Tr. (Doc. 72).

3

*certiorari* in the United States Supreme Court. The writ was denied on October 1, 2012. *Swank v. United States*, __ U.S. __, 133 S. Ct. 219 (2012).

Swank timely filed his § 2255 motion on September 23, 2013. Mot. § 2255 (Doc. 78) at 15; 28 U.S.C. § 2255(f)(1); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012); *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule).

## II. Analysis

### A. Swank's Claims

Among other claims no longer before the Court, *see* Mem. (Doc. 97) at 2, Swank alleged that his defense attorney, Chief Federal Defender Anthony Gallagher, "constantly" told him that his right to confront and present witnesses would be severely limited because of the child's age, that hearsay evidence would be admitted against him, and that the United States, prisoners in the BOP, and the trial judge would all be biased against him. *See* Resp. to Order (Doc. 83) at 2-4. Swank also claimed, without further elaboration, that Gallagher "failed to provide . . . a meaningful comparison between outcome of a conviction by trial vers[u]s a conviction by plea and instead contaminated, compromised, and ultimately corrupted the defendant's right to trial by jury." *Id.* at 6.

### B. Legal Standards

To obtain relief, Swank must show both that Gallagher's performance fell outside the broad range of competent professional assistance and that he was prejudiced as a result, i.e., that there is a reasonable probability he would have stood trial if he had been correctly advised. A "reasonable probability" is less than a preponderance of the evidence. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *see also Hill v. Lockhart*, 474 U.S 52, 59-60 (1985). A "gross mischaracterization of the likely outcome" at sentencing, "combined with . . . erroneous advice on the possible effects of going to trial," may support a finding that a guilty plea was involuntary. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

### C. Gallagher's Performance

At the evidentiary hearing, contrary to the allegations in his *pro se* submissions to the Court, *see* Resp. to Order (Doc. 83) at 2-4, Swank testified Gallagher did *not* tell him his constitutional rights would not be respected. He testified that he pled guilty because Gallagher told him he would be sentenced to 30 years if convicted at trial but would receive 33 to 41 months in prison if he pled guilty.

Based on the testimony at the evidentiary hearing, I find Gallagher told Swank he would advocate for a sentence of 33 to 41 months but Swank could be sentenced to as much as 17 or 20 years based on his guilty plea to abusive sexual contact. Even Swank did not testify that Gallagher actually told him he would be

5

sentenced to 33 to 41 months. He says only that that is what he *thought* Gallagher said. Even assuming Swank did not understand Gallagher, there is no evidence that Gallagher unreasonably failed to perceive that Swank did not understand the meaning of the 17-to-20-year term Gallagher described.

At any rate, I find Swank understood what Gallagher said. Swank did not claim he thought he would receive a sentence of 33 to 41 months until the evidentiary hearing, more than three years after initiating the § 2255 proceeding and five and a half years after sentencing. It is not likely that Swank was really expecting a sentence between 33 and 41 months when he appeared for sentencing on March 17, 2011. He received a sentence of 151 months and later filed a § 2255 motion alleging several instances of deficient performance by counsel. Specifically, he alleged he wanted to withdraw his guilty plea, but counsel refused to file the motion. Swank then abandoned that claim and alleged that counsel "failed to provide . . . a meaningful comparison between outcome of a conviction by trial vers[u]s a conviction by plea." However, he did *not* say, until he took the stand at the evidentiary hearing on his § 2255 motion, that Gallagher told him he would be sentenced to 33 to 41 months if he pled guilty. The credibility of Swank's claim is further undermined by the fact that he denied at the evidentiary hearing the very allegations that supported appointing counsel and setting an evidentiary hearing.

6

I find Gallagher told Swank he would try to obtain a sentence between 33 and 41 months but warned Swank he could receive a sentence of 17 to 20 years if he pled guilty. I find Swank hoped for a sentence of 33 to 41 months but understood he could receive a sentence of 17 to 20 years if he pled guilty. I find Swank chose to plead guilty for three reasons: he believed he was likely to be convicted at trial even though he did not commit the offense of aggravated sexual abuse; he could avoid a mandatory minimum sentence of 30 years by pleading guilty to a lesser offense; and, by pleading guilty, he had an opportunity to obtain a sentence below 30 years and possibly even as low as 33 to 41 months. Each of these reasons was valid, reasonable, and correct on the law and facts before the Court. Swank's guilty plea, as informed by counsel's advice, was knowing, voluntary, and intelligent.

Swank fails to show Gallagher's performance was deficient. As the first prong of the *Strickland* test is met, there is no need to consider prejudice. *See Strickland*, 466 U.S. at 697.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Swank had the opportunity at the evidentiary hearing to show that Gallagher provided ineffective assistance of counsel. He fell far short of doing so. Reasonable jurists would find no basis for encouraging further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Swank's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 78) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Swank files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-122-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Swank.

DATED this 15th day of December, 2016.

Susan P. Watters

Susan P. Watters
United States District Court

9